186 So.2d 844 (1966)
In re ESTATE OF Stewart S. COOPER, Deceased.
Margaret B. COOPER, Appellant,
v.
John R. PARKINSON, As Executor of the Last Will and Testament of Stewart S. Cooper, Deceased, Appellee.
No. G-252.
District Court of Appeal of Florida. First District.
May 19, 1966.
Rehearing Denied June 15, 1966.
Raymond, Wilson, Karl & Conway, Daytona Beach, for appellant.
Parkinson, Sessions, Duffett & Barry, Daytona Beach, for appellee.
RAWLS, Chief Judge.
Margaret B. Cooper, surviving spouse of Stewart S. Cooper, has appealed from a denial of her petition seeking reimbursement from the estate for federal income taxes which she had paid in connection with the distribution of her dower.
Stewart S. Cooper died testate on October 28, 1961, leaving an estate valued at approximately $2,000,000. The widow elected to take dower. During the first year of the administration of the estate, she received a family allowance plus an advance on her dower which totaled $34,200.00. No other distribution was made during that year.
On February 6, 1963 she and the Executor entered into an agreement which stated that the widow was entitled to one-third of the assets as of the date of death together with the net income earned on the assets constituting said dower. It specified the assets agreed upon as constituting her dower and set forth the procedure for future adjustments, computations, *845 distributions, etc. The agreement further provided:
"12. Procedure Re Distribution of Dower.

"When and if this agreement becomes effective, the Executor shall proceed promptly to transfer to the Widow her dower in this estate pursuant to the terms of this agreement, * * *
* * * * * *
"15. The following matters are reserved to be determined later by agreement, or in the absence thereof, to be determined by the County Judge of Volusia County, Florida, with right of either party to appeal:
* * * * * *
"C. The Widow preserves her right to claim compensation from the Executor because of the fact that she will be required to pay Federal income taxes on moneys already distributed to her by the Executor." (Emphasis supplied).
The agreement was duly approved by the Probate Judge, and in the second year of administration the widow received over half of the total distribution made.
Thereafter the widow filed her petition alleging that due to sections 661 and 662 of the Internal Revenue Code the early distribution of her dower will cause her to pay personal income tax on more than one-third of the income derived from the estate; that the same will result in the other beneficiaries escaping a portion of the income taxes which they would otherwise be required to pay; and she prayed for an order requiring the estate to reimburse her for the excess personal income tax payment she will be compelled to make for the years 1962, 1963 and 1964.
The Probate Judge stated in his order denying her petition as follows:
"The Court now finds that such Federal Income taxes as said petitioner may have paid or may have to pay in connection with the distribution of dower to her herein are matters that are determined and assessed under the provisions of the Internal Revenue Code of the United States, and neither said Executor nor this estate is in any way liable to petitioner in connection therewith."
The sole point in appeal is whether the Probate Judge erred in refusing to order an adjustment in favor of the widow.
Florida law[1] provides that dower shall be one-third of the real and personal property owned by the husband at the time of his death, and such dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration. The appellant takes the position that because of Sections 661 and 662, Internal Revenue Code, she will be required to pay more than her proportionate share of Federal income taxes. The impact of the Internal Revenue Rule is to treat all partial distributions of income and taxable as such to the respective distributees until the total taxable income to the estate for the correct year has been utilized. The only facts shown here are that for the first year of administration  October, 1961 to September, 1962  the estate reported income of approximately $45,000.00 of which $26,160.00 was taxable to the widow and $16,801.89 was taxable to the estate which paid income tax thereon in the sum in $5,600.95. The record does not show what the widow's income tax rate would be as compared to that of the estate, nor does it show any other facts determinative of the amount of excess tax, if any, that the widow will pay. The position of the widow is that the excess income *846 tax that she will ultimately pay will reduce her dower and would be in derogation of the dower statute.
In discussing the Internal Revenue Code, Sections 661 and 662, Sidney C. Ward[2] has warned:
"This is often a tax trap in the unplanned administration, but it is also a very valuable method of transferring taxability in properly planned situations."
The widow recognized this "tax trap" and by the mentioned agreement preserved her right to pursue her claim for reimbursement from the estate. If, as she contends, she has shouldered a disproportionate burden of income taxes which have resulted in a windfall to the estate, then she should be reimbursed by the estate to the extent that the estate has benefitted. Of course, if she cannot sustain the burden of proving such savings of the estate, then she is not entitled to recover.
Reversed and remanded with directions to reinstate the subject petition and grant a full hearing thereon in accordance with the views expressed.
CARROLL, DONALD K., and JOHNSON, JJ., concur.
NOTES
[1] Section 731.34, Florida, Statutes, F.S.A.
[2] Ward, Florida and Federal Estate & Tax Planning, § 109.